IN THE CIRCUIT COURT OF GIBSON COUNTY, TENNESSEE
FOR THE TWENTY-EIGHTH JUDICIAL DISTRICT AT TRENTON

JOE WASHAM,

    Plaintiff,

v.

Docket No. __9193__
JURY DEMANDED

FAMILY DOLLAR STORES OF TENNESSEE, LLC,
FAMILY DOLLAR STORES, INC., and
DOLLAR TREE STORES, INC.

    Defendants.

## NOTICE OF SERVICE OF DISCOVERY REQUEST

**COMES NOW** Adam H. Johnson, counsel for Plaintiff, Joe Washam, and hereby gives notice of the service of the following document upon Defendants:

1. Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant, Family Dollar Stores of Tennessee, LLC.;

2. Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant, Family Dollar Stores, Inc.; and

3. Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant, Dollar Tree Stores, Inc.

The undersigned retains the originals of the above-referenced document as custodian pursuant to the Tennessee Rules of Civil Procedure and Uniform Local Rules.

Filed August 30 2022 At 3:00 PM
J. Cynthia Flowers, Clerk
By: [signature] D.C.

**EXHIBIT C**

Respectfully submitted,

**NAHON, SAHAROVICH & TROTZ, PLC**

_____
Adam H. Johnson (BPR #27328)
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee 38117
(901) 259-0435

IN THE CIRCUIT COURT OF GIBSON COUNTY, TENNESSEE
FOR THE TWENTY-EIGHTH JUDICIAL DISTRICT AT TRENTON

JOE WASHAM,

    Plaintiff,

v.

Docket No. 9193
JURY DEMANDED

FAMILY DOLLAR STORES OF TENNESSEE, LLC,
FAMILY DOLLAR STORES, INC., and
DOLLAR TREE STORES, INC.

    Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, DOLLAR TREE STORES, INC.

**COMES NOW** your Plaintiff, pursuant to Rule 33 and Rule 34 of the Tennessee Rules of Civil Procedure, propounds the following interrogatories and requests for production of documents to Defendant, Dollar Tree Stores, Inc., the following First Set of Interrogatories and Requests for Production of Documents to be answered, in writing, under oath, and in accordance with the Tennessee Rules of Civil Procedure.

You are reminded that under the provisions of Rule 26 you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, or who may be called as witnesses at trial, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Filed August 30, 2022 At 3:00 PM
Cynthia Flowers, Clerk
By Chasity Bonds D.C.

Any such supplemental response is to be filed and served upon counsel of record for Plaintiff within fifteen (15) days after receipt of such information.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions shall be applicable to these DISCOVERY REQUESTS:

1. "YOU" or "YOUR" shall mean the defendants whom this discovery is directed to (in the case of the corporate defendant, it shall include its subsidiary and affiliated corporations) and each of their attorneys, experts, including, without limitation, contractors, subcontractors, agents and employees of experts, employees, agents or representatives and all other persons acting on their behalf.

2. The term "COMMUNICATION" or "COMMUNICATIONS" or "COMMUNI-CATE" shall mean and include any transaction or exchange of information between two or more persons, whether orally or in writing, and includes without limitation, any conversation or discussion by means of letter, telephone, note, memorandum, telegraph, telefax, telecopier, cable, computer or any other electronic or other medium, including written, audio, video, computer disk or computer tape.

3. The term "DOCUMENT" or "DOCUMENTS" shall mean and include writings of any kind, formal or informal, whether or not wholly or partially in handwriting including by way of illustration and not by way of limitation, any invoice, receipt, endorsement, check, bank draft, canceled check, deposit slip, withdrawal slip, order, correspondence, record book, minutes, memorandum of telephone and other conversations, including meetings, agreements and the like, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, form pamphlet, statement, journal, postcard, letter, telegram, telex, telefax, report, notice, message, analysis, comparison, graph, chart, interoffice or intra-office communications, photocopy or other copy of any

2

documents, microfilm or other film record, any photograph, sound recording or any type of device, computer data, any punch card, disc or disc pact, any tape or other type of memory generally associated with computers and data processing (together with the programming instructions and other written material necessary to use such punch card, disc, or disc pact, tape or other type of memory and together with printouts of such punch card, disc, or disc pact, tape or other type of memory; including (a) every copy of each document which is not any exact duplicate of a document which is produced, (b) every copy which has any writing, figure or notation, annotation or the lack of it, (c) drafts, (d) attachments to or enclosures with any document, (e) every document referred to in any other document, (f) all original file folders in which each such document is contained.

4. The terms "PERSON" or "PERSONNEL" shall refer to a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5. The term "CORRESPONDENCE" shall, without limiting the generality of the definition, include any letter, note, memorandum, facsimile, electronic mail, telegram, telex, notice, report, statement, and all other types and forms of information exchange whether made by hand, computer, typewriter, printer, pen, pencil, or other form of recording.

6. The singular number and masculine gender, as used herein, shall be deemed the plural, the feminine and the neuter, as may be appropriate.

7. Wherever it is necessary to bring within the scope of these requests DOCU-MENTS that might otherwise be construed to be outside their scope (1) use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (2) the use of "include(s)" and "including" shall be construed to mean "without limitation"; and (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

8. If any of the DOCUMENTS requested herein is withheld under a claim of privilege, identify each such DOCUMENT and state the date of the DOCUMENT, identify its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereon were COMMUNICATED, a summary of the subject matter of the DOCUMENT, its present location and custodian, the basis upon which the asserted privilege is claimed and the request to which the DOCUMENT is responsive.

9. If any of the DOCUMENTS requested herein has been destroyed, furnish a list identifying each such DOCUMENT, its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereof were communicated, a summary of the substance of the DOCUMENT, the date upon which it was destroyed and the reason it was destroyed.

10. As used herein, the term "COMPLAINT" shall refer to and include the complaint filed in the above-captioned matter.

11. The term "PROBLEM" or "PROBLEMS" mean any criticism, question, complaint, question, claim, notice, complaint, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

12. The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a PERSON, shall mean to state the full name and the present or last known address and telephone number of such PERSON as well as his/her place of employment and job title.

13. The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a DOCUMENT which is not produced to Defendant, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known

4

location or custodian; if any document was but is not longer in your possession, custody or control, state that disposition was made of it and the reason for its disposition.

14. The term "REPORT" or "REPORTS" shall mean any CORRESPONDENCE or COMMUNICATION wherein there is contained any criticism, question, complaint, claim, notice, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

15. The term "THIS ACCIDENT" and "THE ACCIDENT" shall mean the accident which is the basis of this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by name and employment position the person responsible for providing answers to these interrogatories.

**INTERROGATORY NO. 2:** Provide the full and proper name of any and all entities and/or persons owning and/or operating the business know as Family Dollar #633 located at 2045 U.S. Highway 45 Bypass, Trenton, Tennessee 38382.

**INTERROGATORY NO. 3:** Describe in as much detail as possible how the events of Plaintiff's visit to your building, located at 2045 U.S. Highway 45 Bypass, Trenton, Tennessee 38382, took place, beginning with Plaintiff's arrival and ending with Plaintiff's departure.

**INTERROGATORY NO. 4:** Please list and identify each person (including your employees) who have knowledge (first hand or otherwise) concerning the facts surrounding the incident made the basis of this suit. If the person identified was an employee of Defendant, state his/her position, job responsibilities, last known address, and contact telephone number.

**INTERROGATORY NO. 5:** Prior to the alleged occurrence, did Defendant, or

any agent or employee of Defendant, personally observe or obtain any knowledge whatsoever of the alleged condition on the premises of your building, as it relates to the subject rug located by the exit door.

**INTERROGATORY NO. 6:** If the answer to the preceding interrogatory is in the affirmative, please state:

    a. when Defendant, or any agent or employee of Defendant, first saw the condition or situation, giving the date and time;

    b. how Defendant, or any agent or employee of Defendant, acquired such knowledge;

    c. all actions taken at the time of such observation or receipt of knowledge by Defendant, or any agent or employee of Defendant, to correct or remedy the defective condition or situation.

**INTERROGATORY NO. 7:** Please state what precautions, if any, were taken by you or any agent or employee of Defendant, on the date of, prior to, and after the alleged occurrence, to prevent injuries to customers exiting the store where Plaintiff's injury occurred as described in the Plaintiff's Complaint.

**INTERROGATORY NO. 8:** Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the maintenance of the premises in question at the time and place of the alleged occurrence.

**INTERROGATORY NO. 9:** If you or any agent or employee of Defendant, Dollar Tree Stores, Inc., performed any maintenance, repair, service, or any other act, or caused any action to be taken with regard to the subject rug described in Plaintiff's Complaint, please state:

    a. the date when you or any agent or employee of Defendant performed said maintenance, repair, service, or any other act, or caused any action to be taken with regard to the subject rug;

    b. what action was taken; and

6

    c.    the name and address of each person performing same.

**INTERROGATORY NO. 10:** If you contend that Plaintiff was contributorily negligent, please state each and every fact upon which you rely in support of said contention.

**INTERROGATORY NO. 11:** If you contend that the condition which caused Plaintiff's injuries was obvious, then please state each and every fact upon which you rely.

**INTERROGATORY NO. 12:** Please state the name, current address, and telephone number of each person from whom you have obtained a statement concerning the incident made the basis of this lawsuit, including in your response, a detailed statement as to each and every fact known to you or made known to you by third parties concerning how the incident made the basis of this suit occurred.

**INTERROGATORY NO. 13:** Please identify each expert that you plan to have testify at the trial of this cause, including any and all medical experts. Additionally, please give a summary of the opinions to which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming those opinions.

**INTERROGATORY NO. 14:** Please state whether you have any policy, procedure, or safety program instituted regarding the maintenance of the premises as described in Plaintiff's Complaint. If so, please state the substance of said policy, procedure, or safety program.

**INTERROGATORY NO. 15:** Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the maintenance of the subject bench including the regular maintenance, maintenance of the building structure, and maintenance of the area surrounding the subject rug.

**INTERROGATORY NO. 16:** On or about the date of the alleged occurrence, did

7

Defendant have any established procedure for the inspection and/or maintenance of the premises where the alleged occurrence took place?

**INTERROGATORY NO. 17:** If the answer to the preceding interrogatory is in the affirmative, please give:

    a.    a description of the procedure;

    b.    the date and time of the last inspection prior to the time of the alleged occurrence;

    c.    the identification, including the name, job title, and address, of each person who participated in such inspection; and

    d.    in complete detail, what such inspection revealed or disclosed.

**INTERROGATORY NO. 18:** Please provide the name, current address, telephone number, and job title of all individuals employed by Defendant, Dollar Tree Stores, Inc., on September 24, 2021, and specifically list those who were present on September 24, 2021 at the subject store.

**INTERROGATORY NO. 19:** Did you or any agent or employee of Defendant render assistance of any kind to Plaintiff immediately after the alleged occurrence?

**INTERROGATORY NO. 20:** If the answer to the preceding interrogatory is in the affirmative, please describe:

    a.    in complete detail, what assistance was rendered to Plaintiff; and

    b.    the name and address of each person rendering any assistance to Plaintiff.

**INTERROGATORY NO. 21:** Please describe in complete detail the appearance of Plaintiff immediately after the alleged occurrence, particularly with regard to the following:

    a.    the physical condition of Plaintiff, that is, whether there were any obvious signs of bruising, swelling, cuts, or other physical injury;

    b.    the observable emotional or mental condition of Plaintiff, that is, whether the Plaintiff was crying, complaining of pain, or otherwise emotionally disturbed;

    c.    details of all conversations, sounds, words, utterances, speech or noises made by Plaintiff after the alleged occurrence, which were heard by you or by any agent or employee of Defendant;

    d.    the appearance of Plaintiff's clothing as to whether any part of it was disarranged, torn, dirty, or otherwise; and

    e.    any action or activity of Plaintiff as observed by you or any agent or employee of the Defendant after the alleged occurrence.

**INTERROGATORY NO. 22:** Please state whether prior to the incident made the basis of this lawsuit any other person has reported any issue with the rugs placed inside Defendant's place of business located at 2045 U.S. Highway 45 Bypass, Trenton, Tennessee 38382.

**INTERROGATORY NO. 23:** If your answer to Interrogatory No: 22 was "yes", please provide the following information as to each incident:

    a.    identify the name of the claimant and whether suit was filed;

    b.    the date that the incident occurred;

    c.    where the incident occurred on Defendant's premises;

    d.    any injuries allegedly suffered as a result of the incident;

    e.    describe what the party contended was the activity by Defendant's employee that posed a danger;

    f.    identify each and every person who has knowledge of any facts relating to that prior occurrence;

    g.    identify any writings or incident reports relating to each prior occurrence;

    h.    identify the present custodian of each such writing relating to each prior occurrence;

    i.    explain the means by which you became aware of each alleged occurrence and/or injury; and

j.  if suit was filed, please provide the style of the case, the Court where the case was pending, and the final result.

**INTERROGATORY NO. 24:** Are you in possession of any video surveillance of Plaintiff on September 24, 2021? If not, please provide an explanation as to why there is no video surveillance and whether such surveillance ever existed and has subsequently been destroyed, or recorded over, or altered.

**INTERROGATORY NO. 25:** Please describe the location of each and every surveillance camera located at 2045 U.S. Highway 45 Bypass, Trenton, Tennessee 38382 and provide a description of the area each surveillance camera records.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:** Please produce a complete and accurate copy of any policy, procedure, or safety program referenced in your response to Interrogatory Nos: 14, 16 & 17.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a complete and accurate copy of any and all documents, photographs, and/or videotapes you intend to introduce into evidence at the trial of this case.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

**REQUEST FOR PRODUCTION NO. 6:** Please produce a complete and accurate

copy of any correspondence between you and Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:** Please produce the entire file of any expert you intend to call to testify at the trial of this case.

**REQUEST FOR PRODUCTION NO. 8:** Please produce a current *curriculum vitae* of any expert you intend to call to testify at the trial of this case.

**REQUEST FOR PRODUCTION NO. 9:** Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**REQUEST FOR PRODUCTION NO. 10:** Please provide a copy of any and all maintenance logs and/or service records (including invoices for services and payment records for same) of the area as described in the Plaintiff's Complaint from the September 24, 2021 incident to the date of answering this discovery.

**REQUEST FOR PRODUCTION NO. 11:** Please produce a copy of all documents or evidence, including but not limited to each guest complaint, claim, or litigation case (either in which a lawsuit was filed or settled prior to suit being filed) referenced in your responses to Interrogatory Nos. 22 & 23.

**REQUEST FOR PRODUCTION NO. 12:** Please produce a copy of any pictures, photographs, or video taken of Plaintiff, prior to, during, and following the incident which occurred on September 24, 2021 as described in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 13:** Please produce a complete and accurate copy of any and all documents, photographs, and/or videotapes you intend to introduce into evidence at the trial of this case.

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of any documents and/or materials that you subpoenaed in this case (Please note your duty to supplement this response should you subpoena any documents during the course of this litigation).

11

ANY DOCUMENT WHICH HAS BEEN WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT AND/OR WHICH HAS BEEN DEEMED AS UNDISCOVERABLE BY PLAINTIFF SHOULD BE SPECIFICALLY DESIGNATED BY DATE, AUTHOR, ADDRESSEE AND GENERAL SUBJECT MATTER, SO THAT THE COURT CAN RULE ON ITS ADMISSIBILITY.

Respectfully Submitted:

NAHON SAHAROVICH & TROTZ, PLC

Adam H. Johnson (#027328)
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee 38117
(901) 259-0435